IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHARLES E. MILLARD,

    Plaintiff,

vs.                                        CASE NO. 1:07CV257-MP/AK

MICHAEL J. ASTRUE,
**Commissioner of Social Security**

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for supplemental security income benefits (SSI) filed under Title XVI of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

A.    **PROCEDURAL HISTORY**

Plaintiff filed application for DIB and SSI on June 25, 2003, and May 27, 2003, respectively, but withdrew his Title II (DIB) applications at the hearing so that only his SSI disability claim is before the court. (R. 14). Plaintiff is alleging a disability onset date of May 27, 2003, because of diabetes, hepatitis C, degenerative joint disease of

the left knee, and lower left extremity deep vein thrombosis.  Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on July 24, 2006, and entered an unfavorable decision on April 6, 2007.  The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner.  This action followed.

**B.      FINDINGS OF THE ALJ**

The ALJ found that the Plaintiff had severe impairments: diabetes, hepatitis C, degenerative joint disease of the left knee, and lower left extremity deep vein thrombosis, but that none of these impairments met any listing requirements, and Plaintiff retained the functional capacity to perform at a light level work with some postural limitations.  Because of Plaintiff's age and limited education, a vocational expert was called and testified that Plaintiff had acquired work skills from his past relevant work which would transfer to occupations in the motor vehicle field such as electronic assembler and body wirer which existed in the national economy in significant numbers.

**C.      ISSUES PRESENTED**

Plaintiff argues that the ALJ erred by not fully developing the record and obtaining medical records; and the ALJ committed error by not posing hypothetical questions to the vocational expert that included his educational level.

The government responds that Plaintiff was scheduled for three consultative examinations, but failed to appear at any of them, thus any gaps in the medical record are the fault of the Plaintiff, not the ALJ.  Further, the regulations provide that past relevant work history that includes skilled work, such as Plaintiff's experience as an automobile repairer and transportation equipment painter, can equate to a high school

**No. 1:07CV257-MP/AK**

education even though Plaintiff only completed the tenth grade numerically. See 20 CFR -§416.964(b).

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

D.   **STANDARD OF REVIEW**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court. The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied. Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997). Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam). It is more than a scintilla, but less than a preponderance. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted). The court may not reweigh the evidence or substitute its judgment for that of the Commissioner. Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996). It must determine only if substantial evidence supports the findings of the Commissioner. See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam). Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the

**No. 1:07CV257-MP/AK**

Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1.  Is the individual currently engaged in substantial gainful activity?

2.  Does the individual have any severe impairment?

3.  Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

**No. 1:07CV257-MP/AK**

    4.     Does the individual have any impairments which prevent past relevant work?

    5.     Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary. Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work. If Plaintiff establishes that his impairment keeps him from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform. <u>Chester v. Bowen</u>, 792 F.2d 129, 131 (11th Cir. 1986); <u>MacGregor v. Bowen</u>, 786 F.2d 1050, 1052 (11th Cir. 1986). If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner. <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir. 1987). It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); <u>Myers v. Sullivan</u>, 916 F.2d 659, 676 (11th Cir. 1990).

### E.    **SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY**

Plaintiff has a history of diabetes, the treatment of which has been complicated by his homelessness and periods of incarceration. Although several consultative examinations were scheduled to determine his present medical status, he failed to appear at any of them. State agency physicians assessed the medical evidence available to them and determined that with some postural restrictions he could perform a full range of light work.

**No. 1:07CV257-MP/AK**

F.     **SUMMARY OF THE ADMINISTRATIVE HEARING**

Plaintiff appeared at the hearing with his attorney. (R. 287). He was homeless at the time of the hearing. (R. 291). He went through the tenth grade in school. (R. 293). His last job was as an auto painter ten years previously. (R. 295). He has been in jail in 2001, 2003, 2004 and 2005, one time for ten months, but he was unable to recall why he was put in jail or for how long specifically. (R. 300, 305). His primary problem is diabetes for which he uses insulin obtained from Shands Emergency Room. (R. 303). He has also had a blood clot in his leg recently. (R. 304). He has to sit for several hours each day because of dizziness (R. 307), and his leg causes pain and swelling. (R. 308-309). The attorney brought up the issue of developing the record and the ALJ reminded him that several appointments were set up for him, but he was in jail or otherwise did not attend. (R. 311). The vocational expert testified that he had listened to the testimony and found Plaintiff's previous work to be skilled which the ALJ found would be considered high school level or above. (R. 313-314). The expert found that these skills were transferable and he could perform other jobs at a light level of exertion such as electrical assembler and an auto body wirer. (R. 315-316).

G.     **DISCUSSION**

   a)   Duty to develop record

**No. 1:07CV257-MP/AK**

It is well settled that the ALJ has a duty to develop a full and fair record. Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999) (per curiam); Graham v. Apfel, 129 F.3d 1420, 1422-23 (11th Cir. 1997); Welch v. Bowen, 854 F.2d 436, 438 (11th Cir. 1988); Cowart v. Schweiker, 662 F.2d 731, 735-36 (11th Cir. 1981). This is true even when the claimant is represented by counsel. Cowart, 662 F.2d at 735. The ALJ's duty to develop the record applies in cases in which he believes he lacks information critical to the determination of a factual issue; he is, however, under no duty to "go to inordinate lengths to develop a claimant's case." Thompson v. Califano, 556 F.2d 616, 618 (1st Cir. 1977); Ferguson v. Schweiker, 765 F.2d 31 (3d Cir. 1985).

In the present case, Plaintiff does not suggest what else the Commissioner was supposed to do to obtain current medical records. Proof of disability is ultimately his responsibility. Consultative examinations were scheduled three times and Plaintiff failed to appear.

Plaintiff has also not shown prejudice from the lack of medical evidence. There must be a showing of prejudice before remand is warranted for further development. Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Plaintiff has not alleged that additional evidence would have established certain conditions or the severity of certain conditions that would have resulted in a different finding by the ALJ, particularly a finding of disability. Thus, there is no merit to this ground.

**No. 1:07CV257-MP/AK**

  b) <u>Hypothetical to expert</u>

Plaintiff testified that he completed the tenth grade.  (R. 293).  The ALJ included in his hypothetical to the vocational expert that Plaintiff had the equivalent of a high school education based on his previous skilled work.  (R. 313).  The regulations specifically provide that "the numerical grade level that you completed in school may not represent your actual abilities.  These may be higher or lower."  20 CFR §416.964(b).  "Past work experience and the kinds of responsibilities you had when you were working may show that you have intellectual abilities, although you may have little formal education."  20 CFR §416.964(a).

The vocational expert was present when Plaintiff testified about his numerical educational level and his past work experience and made his expert assessment that these skills were transferable and would allow for a number of jobs which he could perform at a light exertional level.  (R. 313-318).  There is no merit to this ground either.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **AFFIRMED**.

At Gainesville, Florida, this  **13th**  day of March, 2009.


        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

**No. 1:07CV257-MP/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07CV257-MP/AK**